UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND E. JONES,

    Petitioner,

-vs-                                                          Case No. 8:16-cv-1032-T-02JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Jones, a Florida prisoner, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a conviction for failure of a sexual predator to report to the Department of Highway Safety and Motor Vehicles within 48 hours after a change in residence (Doc. 1). He subsequently filed an amended petition (Doc. 14), a second amended petition (Doc. 25), and finally a third amended petition (Doc. 41). Respondent filed a response to the third amended petition, incorporating therein a motion to dismiss the third amended petition as time-barred (Doc. 45). Mr. Jones filed a reply to the response (Doc. 48). Upon consideration, the third amended petition will be dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from the latest of . . . "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he

time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

**Analysis**

On August 6, 2010, the state appellate court affirmed Mr. Jones' state court conviction (Respondent's Ex. 9). His conviction therefore became final 90 days later, on November 4, 2010, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. See Sup. Ct. R. 13(3) ("[t]he time to file a petition for . . . writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (stating the 90-day period begins to run from the date of entry of judgment and not the issuance of the mandate). Mr. Jones therefore had one year from November 4, 2010, in which to file a timely federal habeas petition under 28 U.S.C. § 2254. His initial federal habeas petition is dated April 24, 2016 (see Doc. 1-1, docket p. 10), more than five years after his conviction became final. Accordingly, unless the limitations period was tolled by a properly filed state court post-conviction application, his federal petition is untimely.

One hundred five (105) days of the limitations period elapsed before it was tolled by Mr. Jones' February 17, 2011 motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure (Respondent's Ex. 10). That motion remained pending through December 31, 2012, when the state appellate court issued its mandate after affirming the denial of the Rule 3.850

motion (Respondent's Ex. 16). The limitations period, however, remained tolled through April 2, 2014, when the state appellate court issued its mandate after affirming the denial of Mr. Jones' second motion for post-conviction relief under Rule 3.800, Fla.R.Crim.P., that was filed on March 8, 2013 (Respondent's Exs. 41, 44).[1]

Mr. Jones filed a petition for writ of habeas corpus in the state circuit court on April 17, 2014 (Respondent's Ex. 48). The petition, however, did not toll the limitations period because it was denied as untimely, successive, and procedurally barred (Respondent's Ex. 49). *See Ousley v. Sec'y for Dep't of Corr.*, 269 F. App'x 884, 885 (11th Cir. 2008) ("[A]n untimely state post-conviction motion is not 'properly filed,' and does not toll the one-year federal limitation period even if the state court denied the motion on alternative grounds.") (citing *Sweet v. Sec'y for Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir.2006)). Mr. Jones' April 28, 2014 Rule 3.850 motion (Respondent's Ex. 50) likewise failed to toll the limitations period because it was dismissed as untimely and successive (Respondent's Ex. 51). Therefore, another two hundred eleven (211) days of the limitations period elapsed between April 2, 2014, and October 30, 2014, when Mr. Jones filed his "petition/motion for the court to clarify and correct defendant's records by removing the sexual predator designation as part of the relief." (Respondent's Ex. 54).

The October 30, 2014 motion, and Mr. Jones' three motions subsequently filed on November 26, 2014, February 2, 2015, and February 19, 2015 (Respondent's Exs. 55, 56, 57) did not toll the limitations period because the state post-conviction court determined that the motions were Rule 3.850 motions, since they collaterally attacked Mr. Jones' conviction, and dismissed them as

---

[1] Mr. Jones' first Rule 3.850 motion, filed August 18, 2012 (Respondent's 23), tolled the limitations period through June 7, 2013, when the appellate court mandate issued after the denial of the motion was affirmed (Respondent's Ex. 27).

3

untimely (Respondent's Ex. 58).² The AEDPA's limitations period therefore expired on December 18, 2014.³ Accordingly, Mr. Jones' federal habeas petition, filed April 24, 2016, is untimely.

This Court may consider the merits of Mr. Jones' untimely petition if he demonstrates that he is either entitled to equitable tolling of the limitations period or actually innocent of the crime for which he was convicted. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (the AEDPA limitations period "is subject to equitable tolling in appropriate cases."); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2103) (even if the AEDPA's limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass."). Mr. Jones, however, has not alleged or demonstrated that he is entitled to equitable tolling of the limitations period. And he has not demonstrated his actual innocence because he has not presented "new reliable evidence" that might support a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (a claim that constitutional error has caused the conviction of an innocent person must be supported with "new reliable evidence" that was not presented at trial).

Mr. Jones contends that he is actually innocent of failure of a sexual predator to report because he was not designated a sexual predator before the time of the offense (Doc. 41, docket pp. 18-19). In support of his contention, he submits a copy of the State's November 16, 2016 Motion

---

²The state post-conviction court stated, as an alternative basis for dismissing the motions, that "[t]o the extent that Defendant's present motions could possibly be construed as having been filed pursuant to Fla.R.Crim.P. 3.800(a), they are facially insufficient." (Respondent's Ex. 58, p. 6). Nevertheless, the state post-conviction court properly construed the motions as filed under Rule 3.850, since the court found that the motions challenged Mr. Jones' conviction rather than sentence, and dismissed them as untimely. *See State v. Anderson*, 821 So. 2d 1206, 1209 (Fla. 5th DCA) ("A challenge to an underlying conviction may be raised on direct appeal or in a Rule 3.850 motion; it is not cognizable by way of Rule 3.800."); Rule 3.850(b), Fla.R.Crim.P. (a motion for post-conviction relief under Rule 3.850 must be brought within two years of the challenged judgment and sentence unless there is excusable neglect or newly discovered evidence).

³Between November 4, 2010, and February 17, 2011, 105 days of the limitations period elapsed, and the remaining 260 days elapsed between April 2, 2014, and December 18, 2014.

to Declare Defendant a Sexual Predator Pursuant to Florida Statute 775.21 (Doc. 41-4, docket pp. 2-4) that was filed in Case No. F0019009 in the Circuit Court in Miami-Dade County. The motion indicates that although Mr. Jones was found guilty in that case of lewd & lascivious assault on a child and qualifies as a sexual predator, no order designating him a sexual predator was entered in that case (Id.).

The motion does not establish that Mr. Jones was not designated as a sexual predator at the time of his offense in 2008. Rather, it only shows that an order designating Mr. Jones a sexual predator was not entered in Case No. F0019009 at the time he was found guilty of the offense *in that case*. During his 2009 trial for the 2008 offense for failure of a sexual predator to report, he stipulated that he had been designated a sexual predator (Respondent's Ex. 2, Vol. I, pp. 5, 9-10; Vol. II, p. 199; Vol. III, p. 373). Moreover, Detective Zink's November 13, 2008 affidavit indicates that: 1) Mr. Jones was designated as a sexual predator after he was convicted of multiple counts of lewd and lascivious acts on children *in multiple separate cases*, including a case in Palm Beach County, Florida, in 1998, a case in Miami-Dade, County in 1998, and the 2000 case in Miami-Dade, County; 2) Mr. Jones' driver's license was marked "Sexual Predator;" and 3) Mr. Jones had "re-registered" as a sexual predator at least ten times in Florida since 2005, and acknowledged each time that he understood his registration responsibilities as a sexual predator (Doc. 41-5, p. 3). Mr. Jones therefore has failed to establish that he is factually innocent of the 2008 offense of failure of a sexual predator to report. Accordingly, Mr. Jones is not entitled to an equitable exception to the statute of limitations.

It is therefore **ORDERED** that:

1. Mr. Jones' third amended petition for writ of habeas corpus (Doc. 41) is **DISMISSED** as

time-barred.

2. The **Clerk** shall enter judgment against Mr. Jones, terminate any pending motions, and close this case.

## Certificate of Appealability

A certificate of appealability will be granted only if "jurists of reason" would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Mr. Jones cannot make this showing. Accordingly, he is not entitled to a certificate of appealability. Since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida on ___May 29th___, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to:
Raymond E. Jones, *pro se*
Counsel of Record